IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01199-CMA-STV

AMANDA KENNEDY, *on behalf of herself and those similarly situated*,

    Plaintiff,

v.

MOUNTAINSIDE PIZZA, INC., and
BRENT HAMILL,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS-MOTION FOR DECLARATORY PARTIAL SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' Motion") (Doc. # 64) and Defendants' Cross-Motion for Declaratory Partial Summary Judgement [sic] ("Defendants' Motion") (Doc. # 65). For the reasons that follow, the Court concludes that Defendants may reasonably approximate the vehicle-related expenses of its delivery driver employees for minimum wage purposes and are not required to reimburse Plaintiff at the Internal Revenue Service's ("IRS") standard mileage rate. Accordingly, Defendants' Motion is granted and Plaintiffs' Motion is denied.

    **I.**    **BACKGROUND**

Amanda Kennedy ("Plaintiff") worked as a delivery driver and in-store employee

at one of Defendant Mountainside Pizza, Inc.'s ("Mountainside") stores located in Denver, Colorado, from November 2017 through May 2018. Plaintiff filed this case on April 24, 2019. (Doc. # 1.) Plaintiff claims, in relevant part, that Defendants failed to pay their delivery drivers minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, because they pay the drivers minimum wage or very close to it, require the drivers to provide automobiles to complete Defendants' deliveries, and do not properly reimburse the drivers for automobile expenses. Plaintiff alleges that Defendants neither reimbursed drivers for actual automobile expenses incurred nor reimbursed drivers at the IRS standard mileage rate. *See* (Doc. # 1 at ¶¶ 92–99). Plaintiff further alleges that Defendants reimbursed her at a rate of $.20 and $.30 per mile and not the IRS standard mileage rate of approximately $.54 per mile during the period of Plaintiff's employment.[1]

Defendants maintain that they properly reimbursed Plaintiff for all expenses incurred delivering pizza and that Plaintiff's wages met or exceeded minimum wage, in part because "Mountainside contracted with a third-party vendor which provides employers with reasonable reimbursement rates based on various factors in the local market (including gas prices, depreciation, taxes, insurance, etc.)." (Doc. # 65 at 2.)

On November 7, 2019, the parties submitted a proposed scheduling order that contemplated filing cross-motions for partial summary judgment regarding the proper

---

[1] Three opt-in Plaintiffs have filed notices of consent to join this action since the filing of the Complaint. (Doc. # 38) (Notice of Consent to Join by William Benge); (Doc. # 72) (Notice of Consent to Join by Emanuel Magana); (Doc. # 89) (Notice of Consent to Join by Miguel Tilley). However, the Court has not yet determined whether this case should be certified as a collective action under the FLSA.

standard for minimum wage compliance in the pizza delivery context. (Doc. # 41.) On November 14, 2019, Judge Varholak set a briefing schedule for the cross-motions for summary judgment (Doc. # 44), and the instant Motions followed.

## II.   LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## III.   DISCUSSION

Unlike typical motions for summary judgment, the instant Motions concern a narrow legal question—i.e., what standard should apply to an employer's reimbursement of vehicle-related expenses incurred by pizza delivery drivers under the FLSA. The parties agree that employers may reimburse delivery drivers for actual expenses incurred. They diverge on what standard applies when employers do not reimburse drivers for actual costs. Plaintiff argues that Defendants are required to either track and pay delivery drivers' actual expenses or reimburse drivers at the IRS standard

mileage rate,[2] as set forth in the Department of Labor ("DOL") Field Operations Handbook ("FOH"). Defendants argue that they may reimburse delivery drivers using a "reasonable approximation" of the drivers' expenses. *See Darrow v. WKRP Mgmt., LLC*, No. 09-CV-01613-CMA-BNB, 2011 WL 2174496, at *3 (D. Colo. June 3, 2011). The Court concludes, pursuant to the applicable regulations and in accordance with this Court's precedent, that Defendants may reimburse delivery drivers using a reasonable approximation of expenses incurred.

### A.   APPLICABLE LEGAL PRINCIPLES AND DISTRICT OF COLORADO PRECEDENT

The FLSA defines "wages," but does not address an employer's reimbursement of expenses. Department of Labor regulations, which "are entitled to judicial deference, . . . are the primary source of guidance for determining the scope and extent of exemptions to the FLSA," including expense reimbursement. *Spradling v. City of Tulsa,* 95 F.3d 1492, 1495 (10th Cir. 1996). Therefore, the Court looks to the Department of Labor regulations to determine whether, under the FLSA, an employee may claim that her wages are reduced below the minimum wage when she is under-reimbursed for vehicle-related expenses.

---

[2] The IRS standard mileage rate is a national annualized weighted average that the IRS provides for "optional use by taxpayers to substantiate the amount of deductible costs of operating for business purposes automobiles they own or lease." (Doc. # 65-1 at 2); Revenue Procedure 2010-51, https://www.irs.gov/irb/2010-51_IRB#RP-2010-51 (last visited August 26, 2020). To produce its standard business rate, the IRS contracts with a third party to conduct an annual study of the fixed and variable costs of operating an automobile. The IRS uses that data to update the standard mileage rate each year. The standard mileage rate does not account for geographic variances; "as such, it is not specific to individual drivers or locations." (Doc. # 65-1 at 2.)

Plaintiff brings her claims under 29 C.F.R. § 531.35, which provides that "the wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." A kickback occurs when the cost of tools that are specifically required for the performance of the employee's particular work "cuts into the minimum or overtime wages required to be paid him under the Act." *Id.* Courts have concluded that "personal car[s] that . . . employee[s] operate[ ] to make pizza deliveries" qualify as tools of the trade under 29 C.F.R. § 531.35. *See, e.g.*, *Benton v. Deli Mgmt., Inc.*, 396 F. Supp. 3d 1261, 1273 (N.D. Ga. 2019); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, at *4 (S.D. Ohio Nov. 6, 2018); *Graham v. Word Enterprises Perry, LLC*, No. 18-CV-0167, 2018 WL 3036313, at *4 (E.D. Mich. June 19, 2018).

Section 531.35 specifically incorporates § 531.32(c),[3] which in turn incorporates § 778.217.[4] Section 778.217 states as follows:

> (a) General rule. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) [which provides that employee's regular rate does not include travel or other expenses incurred in furtherance of the employer's interest] is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement **reasonably approximates** the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek.

---

[3] 29 C.F.R. § 531.35 ("See also in this connection, § 531.32(c).").

[4] 29 C.F.R. § 531.32(c) ("For a discussion of reimbursement for expenses such as 'supper money,' 'travel expenses,' etc., see § 778.217 of this chapter.").

> (b) Illustrations. Payment by way of reimbursement for the following types of expenses will not be regarded as part of the employee's regular rate:
>
> (1) The actual amount expended by an employee in purchasing supplies, tools, materials, cell phone plans, or equipment on behalf of his employer or in paying organization membership dues or credentialing exam fees where relevant to the employer's business.
>
> (2) The actual or **reasonably approximate** amount expended by an employee in purchasing, laundering or repairing uniforms or special clothing which his employer requires him to wear.
>
> (3) The actual or **reasonably approximate** amount expended by an employee, who is traveling "over the road" on his employer's business, for transportation (whether by private car or common carrier) and living expenses away from home, other travel expenses, such as taxicab fares, incurred while traveling on the employer's business.

29 C.F.R. § 778.217(a)–(b) (emphases added).

In *Wass v. NPC International, Inc.,* 688 F.Supp.2d 1282, 1285–86 (D. Kan. 2010), the court concluded that these regulations "permit an employer to approximate reasonably the amount of an employee's vehicle expenses without affecting the amount of the employee's wages for purposes of the federal minimum wage law." If the employer makes an unreasonable approximation, the employee can claim that his wage rate was reduced because of expenses that were not sufficiently reimbursed. *Id.* at 1287.

This Court adopted the reasoning of *Wass* in *Darrow v. WKRP Mgmt., LLC*, No. 09-CV-01613-CMA-BNB, 2011 WL 2174496, at *3 (D. Colo. June 3, 2011), concluding that the employer defendants could reasonably approximate the plaintiff's expenses for reimbursement purposes:

> Defendants correctly argue that they did not have to reimburse Plaintiff for his actual expenses, but could approximate Plaintiff's vehicle-related

> expenses in setting the reimbursement rate. *See Wass I,* 688 F.Supp.2d at 1285–86 (holding that the plaintiff could not base his claim on the defendants' failure to reimburse actual expenses because the defendant could reasonably approximate the Plaintiff's expenses for reimbursement purposes). Although Defendants' reimbursement rate did not need to exactly equal Plaintiff's actual expenses, the reimbursement rate must have been a reasonable approximation.

*Id.* at *5. This Court applied the reasonable approximation standard again in *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2011 WL 2791331, at *4 (D. Colo. July 14, 2011) (citing *Darrow,* 2011 WL 2174496, at *3). Subsequently, Judge Daniel joined in adopting the reasonable approximation standard in *Koral v. Inflated Dough, Inc.*, No. 13-CV-02216-WYD-KMT, 2014 WL 4904400, at *4 (D. Colo. Sept. 29, 2014) (citing *Darrow,* 2011 WL 2174496, at *5) ("I agree with the Defendant's contention that it may reimburse the Plaintiff using a reasonable approximation of the Plaintiff's expenses.").

**B.    PLAINTIFF'S PROPOSED STANDARD FOR REIMBURSEMENT**

Plaintiff urges this Court to depart from its precedent of applying a reasonable approximation standard and instead require that employers reimburse delivery drivers at the IRS standard mileage rate if they do not reimburse for actual expenses incurred. First, the Court notes that "[n]o regulation or statute supports Plaintiff's contention that if the Defendants do not keep records of Plaintiff's actual costs[,] then Defendants' compliance with minimum-wage laws must be measured by the IRS standard business mileage rate." *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154 (N.D. Ala. 2018). Instead, Plaintiff relies predominantly on the Southern District of Ohio's decision in *Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 WL 5725043, at *4 (S.D. Ohio Nov. 5, 2019), *motion to certify appeal denied,* No. 3:17-CV-146, 2019 WL 7421952 (S.D.

7

Ohio Dec. 23, 2019), which concluded that, "[a]s a matter of law, the proper measure of minimum wage compliance for pizza delivery drivers is to either (1) track and pay delivery drivers' actual expenses or (2) pay the mileage rate set by the Internal Revenue Service." *Id.* at *7.

In reaching this conclusion, the *Hatmaker* court found that 29 C.F.R. § 531.35 is ambiguous[5] and gave deference to the DOL's interpretation of the regulation, found in § 30c15(a) of the FOH. Section 30c15(a) provides, in relevant part, that the IRS standard mileage rate may be used (in lieu of actual costs) to determine or evaluate the employer's wage payment practices for FLSA purposes.[6] The Court declines to adopt

---

[5] "29 C.F.R. § 531.35 does not set forth a methodology for calculating mileage rates, or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work. Thus, there is ambiguity as to how to calculate the mileage rate." *Id.* at *4.

[6] Section 30c15(a) of the FOH, entitled "Car expenses: employee's use of personal car on employer's business" provides as follows:

> In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.
>
> *(a)  As an enforcement policy*, the IRS *standard business mileage rate* found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes.  The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a pro-rate basis.
>
> **(b)**   The IRS standard business mileage rate may be used in lieu of actual costs for FLSA purposes *whether or not* the employee will be able to take a deduction on his or her tax return for the business use of the employee's car.

*Hatmaker*'s reasoning and the standard put forth by Plaintiff because the applicable regulations are not genuinely ambiguous and the FOH is not entitled to deference pursuant to *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).

1. <u>Whether the Regulations Are Genuinely Ambiguous</u>

Plaintiff argues that 29 C.F.R. § 531.35 is genuinely ambiguous as it relates to the costs associated with a delivery driver operating an automobile for work.[7] As discussed above, this Court has previously applied 29 C.F.R. § 531.35 in the delivery driver context without finding that it is ambiguous because § 531.35 specifically incorporates § 531.32(c), which in turn incorporates § 778.217. Because the text and structure of the regulation assist the Court in understanding what "costs of tools" means in the context of expense reimbursement, the term is not ambiguous. *See Kisor*, 139 S. Ct. at 2415 (citation omitted) (noting a court must attempt to resolve possible ambiguities in a regulation by carefully considering its text, structure, history, and

---

United States Department of Labor Wage and Hour Division, Field Operations Handbook, https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch30.pdf (last modified June 30, 2000). The Court notes that the IRS standard mileage rate is a form of approximation by virtue of being a national average. As such, the Court finds that the DOL's interpretation of the pertinent regulations to allow reimbursement of expenses at the IRS rate, as opposed to reimbursement of actual expenses incurred, actually supports the Court's conclusion that the regulations permit a reasonable approximation of expenses.

[7] As Plaintiffs explain, "The cost of a uniform shirt, a hammer, or office supplies, for example, is usually clear from a receipt. An employer, complying with the FLSA, would collect and retain a record of this receipt and pay back the amount expended by the employee . . . . But the actual cost of operating a car is more difficult to determine, with its various and changing components—e.g., fluctuating gas prices, intermittent or unexpected repairs, commercial insurance, depreciation, etc. And to the extent the drivers' costs do come with a receipt, it would not be fair to ask the employer to cover all of the drivers' automobile costs, because the drivers use their cars for personal purposes too. As a result, the 'tools of the trade' regulation is 'ambiguous' in the pizza delivery context." (Doc. # 64 at 9–10.)

purpose before resorting to *Auer* deference).

Plaintiff further argues that, if the Court looks to § 778.217(b)(3), the term "reasonably approximate amount" is ambiguous. The Court finds that the term "reasonably" is vague, but not ambiguous. Vagueness "is often intentional, as general terms (**reasonable** time, best efforts, equal protection) are adopted to cover a multitude of situations that cannot be spelled out in detail or even foreseen." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (2012) (emphasis added). The term "reasonable" allows the Court the discretion to tailor the regulation to the circumstances before it, and this Court routinely applies statutory standards of reasonableness without finding ambiguity. In this case, the Court finds that the regulations are not ambiguous and, therefore, the Court does not defer to the DOL's interpretation of the regulations as written in the FOH. *See Kisor,* 139 S. Ct. 2400 (clarifying that genuine ambiguity is a pre-requisite to *Auer* deference).

2. <u>Whether the FOH Would Be Entitled to Controlling Weight Under *Kisor*</u>

Even if the Court concluded that the regulations are genuinely ambiguous, the FOH would not be entitled to controlling weight. Pursuant to the Supreme Court's decision in *Kisor*, 139 S. Ct. 2400, the FOH "must be the agency's 'authoritative' or 'official position,' rather than any more *ad hoc* statement not reflecting the agency's views" in order for *Auer* deference to apply. *Id.* at 2416. The FOH specifically disclaims that it is not used to interpret policy; its introductory section states that the FOH is only "an operations manual that provides Wage and Hour Division (WHD) investigators and staff with interpretations of statutory provisions, procedures for conducting

investigations, and general administrative guidance . . . . **It is not used as a device for establishing interpretive policy**."[8] Therefore, although Section 30c15(a) of the FOH may be useful in evaluating whether Defendant reasonably approximated Plaintiff's expenses, it is not authoritative. *See, e.g.*, *Exelon Generation Co. v. Local 15, Int'l Brotherhood of Elec. Workers, AFL–CIO*, 676 F.3d 566, 576–78 (7th Cir. 2012) (declining deference where the agency had itself "disclaimed the use of regulatory guides as authoritative"), *as amended* (May 9, 2012); *Sullivan*, 362 F. Supp. 3d at 154 (quoting *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1255 (11th Cir. 2001)) (concluding the FOH is "[a]n agency's internal directive" to its employees and so it is "without the force of law"); *Donovan v. Public Serv. Co. of N.M.*, 607 F. Supp. 784, 786 (D.N.M. 1984) (citations omitted) (noting that provisions of the FOH "are merely guidelines and do not carry the force of law"); *cf. Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 878 (8th Cir. 2011) (affording the FOH *Auer* deference pre-*Kisor* and under the previously articulated standard of deferring "unless [the agency's interpretation is] plainly erroneous or inconsistent with the regulation.").

Lastly, the Court appreciates the pragmatic concern that a bright line rule that reimbursement of delivery drivers at the IRS standard mileage rate is *per se* reasonable would result in under-reimbursement of employees who work in regions of the nation with above average vehicle-related costs. Whereas this particular plaintiff may benefit from application of the IRS standard mileage rate because Colorado is below average in

---

[8] United States Department of Labor Wage and Hour Division, Field Operations Handbook (emphasis added), https://www.dol.gov/whd/foh/ (last visited Aug. 26, 2020).

vehicle-related costs, concluding that reimbursement at the IRS rate is *per se* reasonable would disadvantage those drivers who work in more expensive regions of the country.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiffs' Motion for Partial Summary Judgment (Doc. # 64) is DENIED;

- Defendants' Cross-Motion for Declaratory Partial Summary Judgement [sic] (Doc. # 65) is GRANTED;

- Defendants are permitted to "reasonably approximate" Plaintiff's vehicle-related expenses for reimbursement purposes under the FLSA and applicable regulations. The IRS standard mileage rate may be probative of the reasonableness of Defendant's reimbursement of Plaintiff's expenses, but Defendant is not required to reimburse Plaintiff at the IRS standard mileage rate; and

- Plaintiffs' Motion to Strike Argument in Defendants' Response to Plaintiffs' Motion for Summary Judgment (Doc. # 73) is DENIED as MOOT.

DATED: August 26, 2020

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge