IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01199-CMA-STV

AMANDA KENNEDY, *on behalf of herself and those similarly situated*,

    Plaintiff,

v.

MOUNTAINSIDE PIZZA, INC., and
BRENT HAMILL,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION TO SEND NOTICE TO SIMILARLY SITUATED EMPLOYEES**

---

This matter is before the Court on Plaintiff's Renewed Motion to Send Notice to Similarly Situated Employees (Doc. # 40) ("Motion for Conditional Certification" or "Motion"), wherein Plaintiff moves the Court to conditionally certify this case as a collective action under the Fair Labor Standards Act and approve Plaintiff's proposed notice. For the reasons that follow, the Motion is granted to the extent it seeks to conditionally certify a collective action of Colorado pizza delivery drivers and denied to the extent it seeks to conditionally certify a collective action of Texas pizza delivery drivers.

    I.    **BACKGROUND**

This Court thoroughly recounted the factual and procedural background of this action in its Order Denying Plaintiffs' Motion for Partial Summary Judgment and

Granting Defendants' Cross-Motion for Declaratory Partial Summary Judgment ("Partial Summary Judgment Order"). (Doc. # 97.) The Court recounts herein only the facts necessary to resolve the instant Motion for Conditional Certification.

Plaintiff Amanda Kennedy worked as a delivery driver and in-store employee at one of Defendant Mountainside Pizza, Inc.'s ("Mountainside") Domino's pizza franchise stores located in Denver, Colorado, from November 2017 through May 2018. Plaintiff filed this case on April 24, 2019. (Doc. # 1.) Plaintiff claims, in relevant part, that Defendants failed to pay their delivery drivers minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., because they pay the drivers minimum wage or very close to it, require the drivers to provide automobiles to complete Defendants' deliveries, and do not properly reimburse the drivers for automobile expenses. Plaintiff alleges that Defendants neither reimbursed drivers for actual automobile expenses incurred nor reimbursed drivers at the IRS standard mileage rate. *See* (*id.* at ¶¶ 92–99). Plaintiff further alleges that Defendants reimbursed her at a rate of $.20 and $.30 per mile and not the IRS standard mileage rate of approximately $.54 per mile during the period of Plaintiff's employment.[1]

On June 28, 2019, the parties filed a Joint Motion to Stay Proceedings ("Motion to Stay"). (Doc. # 27.) Therein, the parties requested the Court stay this case for 120

---

[1] Three opt-in Plaintiffs have filed notices of consent to join this action since the filing of the Complaint. *See* (Doc. # 38) (Notice of Consent to Join by William Benge); (Doc. # 72) (Notice of Consent to Join by Emanuel Magana); (Doc. # 89) (Notice of Consent to Join by Miguel Tilley). However, the Court determines for the first time herein whether this case should be certified as a collective action under the FLSA.

days to allow the parties to engage in good-faith settlement negotiations on a class-wide basis. In support of the Motion to Stay, Defendants consented to conditional certification of a collective action composed of current and former delivery drivers employed by Mountainside in **Colorado** if the parties could not negotiate a resolution of this case:

> In the event the Parties are unable to resolve this case at the end of the stay, Defendants consent to an Order conditionally certifying this case as a collective action under the FLSA and authorizing that the Notice and Consent Form, attached hereto as Exhibit 1, be sent to all current and former delivery drivers employed at twenty-three Domino's location owned and operated by Defendant Mountainside Pizza in Colorado within three (3) years preceding the date of serving of the Complaint (May 21, 2019). . . . The Parties further agree that Defendants' stipulation to conditional certification with respect to current and former delivery drivers employed by Defendant Mountainside Pizza Colorado locations shall not be construed as an admission that Plaintiff is entitled to conditional certification with respect to delivery drivers employed by Defendants Southside Pizza, Inc., Prima Pizza, Inc., Longhorn Pizza, Inc., and/or Brent Hamill (the "Non-Mountainside Defendants").

(*Id.* at 3–4.) Judge Varholak acknowledged the above stipulation in his Order granting the Motion to Stay in relevant part, stating that "[i]n the event settlement is not reached by October 30, 2019: . . . Defendants will not oppose notice going to the delivery drivers employed at twenty-three (23) locations owned by Defendant Mountainside Pizza in Colorado." (Doc. # 30 at 2.)

Plaintiff filed the instant Motion for Conditional Certification on November 5, 2019. (Doc. # 40.) In her Motion, Plaintiff seeks conditional certification of a collective action of Defendants' current and former delivery drivers in both Colorado and Texas. In support thereof, Plaintiff submitted the Declaration of Amanda Kennedy (Doc. # 40-2) and Declaration of William Benge (Doc. # 40-3). Plaintiff also attached her Proposed Notice (Doc. # 40-4) and Proposed Email (Doc. # 40-5).

At the time Plaintiff filed her Motion, Prima Pizza, Inc., Longhorn Pizza, Inc. ("Longhorn Pizza"), and Southside Pizza, Inc. were still defendants to this action. On August 3, 2020, this Court affirmed and adopted the Recommendation of United States Magistrate Judge Varholak (Doc. # 92) and granted Defendants' Motion to Dismiss (Doc. # 42) to the extent it sought dismissal of Plaintiff's claims against Defendants Prima Pizza, Inc., Longhorn Pizza, and Southside Pizza, Inc. for lack of personal jurisdiction. The claims against said defendants were dismissed, and the defendants were removed from this case. Notably, Longhorn Pizza was the only pizza restaurant located in Texas that Plaintiff named as a defendant in this lawsuit.

On August 26, 2020, in its Partial Summary Judgment Order, this Court denied Plaintiffs' Motion for Partial Summary Judgment (Doc. # 64) and granted Defendants' Cross-Motion for Declaratory Partial Summary Judgement [sic] (Doc. # 65). Therein, the Court concluded that Defendants are permitted to "reasonably approximate" Plaintiff's vehicle-related expenses for reimbursement purposes under the FLSA and applicable regulations and that the IRS standard mileage rate may be probative of the reasonableness of Defendant's reimbursement of Plaintiff's expenses, but Defendant is not required to reimburse Plaintiff at the IRS standard mileage rate. Thereafter, the United States Department of Labor ("DOL") issued an opinion letter in accord with this Court's reasoning in its Partial Summary Judgment Order.[2]

On August 31, 2020, Defendants filed Defendants' Corrected Memorandum in

---

[2] United States Department of Labor Wage and Hour Division, FLSA2020-12 (Aug. 31, 2020), https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/2020_08_31_12_FLSA.pdf.

Opposition to Amanda Kennedy's Renewed Motion to Send Notice to Similarly Situated Employees. (Doc. # 99.) In their Response, Defendants oppose conditional certification of both Colorado and Texas delivery drivers and purportedly withdraw their previous stipulation to consent to conditional certification of Colorado delivery drivers.[3] Plaintiff filed a Reply. (Doc. # 103.)

## II.     LEGAL STANDARDS

Section 216(b) of the FLSA provides that an action under the FLSA for minimum wage violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact . . . ." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Further, a collective action gives similarly situated plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.*

The Tenth Circuit has approved the use of a two-step process for determining whether the putative class members are similarly situated to the named plaintiff. *See*

---

[3] Defendants stated as much in the following footnote:

> In connection with the stay of the proceedings to discuss settlement, the parties represented that to the extent a settlement could not be reached, Defendants would not oppose conditional certification and sending of notice as to Colorado delivery drivers. (*See id.* ¶ 4.) Given the intervening authority from the U.S. Department of Labor, and this Court's Order (ECF Dkt. No. 97) on the parties' motions for summary judgment, Defendants respectfully request that the Court review the basis and arguments on which Plaintiff's Motion is premised and make the appropriate determination.

(Doc. # 99 at 3 n.3.)

*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). At the first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). The standard for conditional certification at the notice stage, then, "is a lenient one."[4] *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, at *3 (D. Kan. Mar. 28, 2011) (unpublished); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). At this stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015).

### III.   DISCUSSION

Plaintiff moves this Court for an order allowing her to send notice of this action to the following individuals: "All similarly situated current and former delivery drivers employed at the Domino's Pizza stores owned, operated, and controlled by Defendants

---

[4] The second step for class certification under § 216(b) demands a higher level of scrutiny.  At the second step, which occurs after discovery is complete and often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (unpublished). The instant Motion requires the Court to determine only whether Plaintiff has satisfied the first step of the *Thiessen* two-step approach.

in Colorado and Texas at any time from April 24, 2019 to present." (Doc. # 40 at 1.) The Court first addresses conditional certification as to the Colorado delivery drivers before turning to the Texas delivery drivers.

### A. WHETHER A COLLECTIVE ACTION OF COLORADO DRIVERS SHOULD BE CONDITIONALLY CERTIFIED

The Court finds that Plaintiff has carried her minimal burden at the notice stage of "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" with respect to the Colorado delivery drivers. *Thiessen*, 267 F.3d at 1102 (10th Cir. 2001). Plaintiff alleges that Defendants' delivery drivers in Colorado are similarly situated with respect to the requirements and duties of their particular jobs. According to the Complaint and Plaintiff Kennedy's Declaration, all of Defendants' delivery drivers are required to maintain and pay for operable, safe, and legally compliant cars to use in delivering pizza. (Doc. # 1 at 13); (Doc. # 40-2 at 3). Plaintiff alleges that "[a]ll delivery drivers employed at the Mountainside Domino's stores over the last three years have had essentially the same job duties—deliver pizza and other food items to customers, and complete various tasks inside the restaurant when they were not delivering pizzas." (Doc. # 1 at 13.)

She further alleges that the delivery drivers are all subject to similar terms of employment that result in a minimum wage violation. Specifically, Plaintiff alleges that Defendants do not track or reimburse delivery drivers' actual expenses. Defendants appear to have conceded as much, at least for the purposes of their Cross-Motion for Partial Summary Judgment, stating that "[d]uring the relevant period, Mountainside contracted with a third-party vendor which provides employers with reasonable

7

reimbursement rates based on various factors in the local market (including gas prices, depreciation, taxes, insurance, etc.)." (Doc. # 65 at 2.) Plaintiff further alleges that Defendants under-reimbursed their vehicle-related expenses and that such under-reimbursement drove Plaintiff's wages and the wages of similarly situated employees below the legally mandated minimum wage. *See* (Doc. ## 1, 40-2). The allegations in Plaintiff's Complaint, in combination with the Declaration of Amanda Kennedy, constitute "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (10th Cir. 2001). Defendants' Response fails to persuade this Court otherwise because it argues almost exclusively that Colorado drivers are not similarly situated to Texas drivers and that a collective action of Texas drivers in particular should not be certified. *See generally* (Doc. # 99).

Lending further support to this Court's conclusion is Defendants' stipulation that a collective action of Colorado delivery drivers should be conditionally certified. Judge Varholak incorporated Defendants' stipulation into his Order granting the parties' Motion to Stay in order to allow the parties an opportunity to negotiate a class-wide settlement. *See* (Doc. # 30 at 2). Additionally, Plaintiffs submitted the instant Motion for Conditional Certification to this Court under the impression that Defendants had stipulated to conditional certification as to Colorado delivery drivers. *See* (Doc. # 40 at 1–2). Defendants now contend that their stipulation should be withdrawn due to the Court's Partial Summary Judgment Order and the DOL's subsequent opinion letter. However, the Court rejects Defendants' contention that its Partial Summary Judgment Order

8

somehow changes the basis for Defendants' initial stipulation. Defendants were aware at the time they entered into this stipulation that every district court in the Tenth Circuit to conditionally certify a FLSA collective action of pizza delivery drivers in the last decade has done so under the "reasonable approximation" standard. *See, e.g., Darrow*, 2012 WL 638119, *3. Indeed, Defendants argued at the summary judgment stage that this Court and other judges in this District have consistently applied a "reasonable approximation" standard to FLSA under-reimbursement claims. Accordingly, the Court's Partial Summary Judgment Order did not change what Defendants understood to be the state of the law concerning FLSA under-reimbursement claims when they stipulated to conditional certification of Colorado drivers. The Court holds Defendants to their stipulation that a collective action of Colorado drivers should be conditionally certified.

In the past decade, every district court in the Tenth Circuit to have considered motions for conditional certification of a collective action of pizza delivery drivers has granted conditional certification. *See Darrow v. WKRP Management, LLC*, No. 09-cv-1613-CMA-BNB, 2012 WL 638119 (D. Colo. Feb. 28, 2012) (authorizing notice); *Smith v. Pizza Hut, Inc.*, No. 09-cv-1632, 2012 WL 1414325 (D. Colo. Apr. 21, 2012) (J. Arguello) (same); *Wass v. NPC Int'l., Inc.*, No. 09-cv-2254, 2011 WL 1118774 (D. Kan. Mar. 28, 2011) (same); *Bass v. PJCOMN Acquisition Corp*., No. 09-cv-1614, 2010 WL 3720217 (D. Colo. Sept. 15, 2010) (same). Moreover, at least eight district courts outside of the Tenth Circuit to have considered motions for conditional certification for pizza delivery drivers granted conditional certification. *See Thomas v. Papa John's International, Inc.,* No. 1:17-cv-411, 2019 WL 4743637 (S.D. Ohio Sept. 29, 2019)

(authorizing notice); *Young v. Rolling in the Dough*, No. 1:17-cv-7825, 2018 WL 1240480 (N.D. Ill. Mar. 8, 2018) (same); *Meetz v. Wis. Hospitality Grp. LLC,* No. 16-cv-1313, 2017 WL 3736776, *5 (E.D. Wisc. Aug. 29, 2017) (same); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2017 WL 3500411, at *3 (S.D. Ohio Aug. 15, 2017) (same); *Sullivan v. PJ United, et al.,* No. 7:13-cv-01275, Dkt. 80 (N.D. Ala. Mar. 13, 2017) (same); *Tegtmeier v. PJ Iowa, LC,* 208 F.Supp.3d 1012, 1015-1025 (S.D. Iowa Sept. 21, 2016) (same); *Bellaspica v. PJPA, LLC*, 3 F.Supp.3d 257, 260 (E.D. Pa. Mar. 11, 2014) (same); *Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335, 2011 WL 4089251 (E.D. Mo. Sept. 14, 2011) (same); *Luiken v. Domino's Pizza, LLC*, No. CIV.09-516, 2010 WL 2545875, at *2 (D. Minn. June 21, 2010) (same). As previously described, Plaintiff has met her burden of demonstrating that conditional certification of Colorado delivery drivers is warranted in this case.

### B. WHETHER A COLLECTIVE ACTION OF TEXAS DRIVERS SHOULD BE CONDITIONALLY CERTIFIED

On the other hand, the Court concludes that it lacks a jurisdictional basis to conditionally certify a collective action of Texas delivery drivers.

In support of her efforts to persuade this Court to certify a class of Texas drivers, Plaintiff relies on the theory that Brent Hamill and Longhorn Pizza constitute either a single employer or joint employers for purposes of FLSA liability. However, on August 3, 2020, this Court dismissed Longhorn Pizza from this action for lack of personal jurisdiction. No Texas-based pizza restaurant remains a party to this case.

As a general matter, a court without jurisdiction cannot render a valid judgment. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

As relevant here, if a court lacks personal jurisdiction over an alleged employer, it cannot render a valid judgment on the issue of whether that employer was part of a single, integrated enterprise or part of a joint employment relationship. *See Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1154 (D.N.M. 2011) (citing *OMI Holdings, Inc.*, 149 F.3d at 1090) ("if the Court does not have personal jurisdiction over FLTCH and THI of Baltimore, it cannot render a valid judgment on the merits of other issues—such as whether FLTCH and THI of Baltimore are part of a single, integrated enterprise"). It follows that, in this case, the Court cannot render judgment on the issue of whether Longhorn Pizza and Hamill were part of a single, integrated enterprise, a joint employment relationship, or neither for purposes of the FLSA because the Court lacks personal jurisdiction over Longhorn Pizza. Consequently, the Court may not conditionally certify a collective action of Texas delivery drivers in this case.[5]

      Moreover, this Court is cognizant of the risk of inconsistent judgments that may result from three different district courts ruling on the liability of Hamill and/or Longhorn Pizza to the Texas delivery drivers. The question of Hamill's liability to the Texas drivers is before this Court, the question of Longhorn Pizza's liability to the Texas drivers is before the Northern District of Texas in *Matthews v. Longhorn Pizza, Inc.*, No. 3:19-cv-

---

[5] Defendants raised this jurisdictional issue in their Response to Plaintiff's Motion. (Doc. # 99 at 9.) Plaintiff failed to respond to Defendants' argument, limiting her discussion on jurisdiction to whether *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773 (2017), divests courts of specific jurisdiction over the claims of non-resident plaintiffs in FLSA collective actions pursuant to *Warren v. MBI Energy Servs., Inc.*, No. 19-CV-00800-RM-STV, 2020 WL 937420, at *6 (D. Colo. Feb. 25, 2020). *See* (Doc. # 103 at 9–10).

1159-E (N.D. Tex. 2019), and the question of Longhorn Pizza's liability to Kennedy and the opt-in Plaintiffs is before the Western District of Texas in *Kennedy v. Longhorn Pizza, Inc.*, filed after this Court dismissed Longhorn Pizza for lack of personal jurisdiction.

### C. PROPOSED FORM OF NOTICE

Plaintiff submitted a proposed form of notice for this Court's approval, but said notice presumed that the Court would conditionally certify a collective action of both Colorado and Texas delivery drivers. *See* (Doc. # 40-4). Defendants request that the Court direct the parties to meet and confer regarding the form of notice because counsel for the parties have previously agreed upon a form of notice, attached to their Motion to Stay. *See* (Doc. ## 27–27-2). The Court agrees that conferral regarding notice is appropriate under the circumstances.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Renewed Motion to Send Notice to Similarly Situated Employees (Doc. # 40) is GRANTED IN PART AND DENIED IN PART as follows:

- the Motion is GRANTED to the extent it seeks conditional certification of a collective action of all similarly situated current and former delivery drivers employed at the Domino's Pizza stores owned, operated, and controlled by Defendants in **Colorado** at any time from April 24, 2019 to present;
- the Motion is DENIED to the extent it seeks conditional certification of a collective action of all similarly situated current and former delivery drivers employed at the

- Domino's Pizza stores owned, operated, and controlled by Defendants in **Texas** at any time from April 24, 2019 to present;

- the parties are DIRECTED to meet and confer regarding the form of notice;

- by October 30, 2020, either the parties shall submit to the Court an agreed-upon form of notice or Plaintiff shall file a motion to approve her proposed form of notice, if the parties cannot reach an agreement; and

- the proposed form of notice need not include a place for opt-in plaintiffs to note the last 4 digits of their social security numbers.[6]

DATED: September 30, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[6] Defendants argue that the Consent Form should include a place for opt-ins plaintiffs to note the last 4 digits of their social security numbers ("SSN"). Defendants vaguely assert that this would serve as a "means of identifying opt-ins" but they do not contend it is necessary for identification. Indeed, Defendants state that "[f]ailure to include this information in the consent would not invalidate the consent form" (*id.* at 15 n.12), indicating that an SSN is not necessary for Defendants to identify the opt-in plaintiffs. Therefore, the Court determines that the potential chilling effect of the requested information outweighs Defendants' undeveloped preference for the information.