**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-01199-CMA-STV

AMANDA KENNEDY, on behalf of herself and those similarly situated,

     Plaintiff,

v.

MOUNTAINSIDE PIZZA, INC., and
BRENT HAMILL,

     Defendants.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY SETTLEMENT APPROVAL**

---

     This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Settlement Approval ("Motion") (Doc. # 171), wherein Plaintiff moves the Court to, *inter alia*, preliminarily approve the parties' proposed Settlement Agreement (Doc. # 171-1) and proposed Notice of Settlement of Class Action ("Settlement Notice") (Doc. # 171-2). Defendants do not oppose the Motion and consent to certification of the class and FLSA collective action for settlement purposes only.

     For the reasons set forth in Plaintiff's Memorandum in Support of the Motion (Doc. # 171 at 3–22), this Court grants preliminary approval of the Settlement Agreement (Doc. # 171-1). The Court finds that the proposed Settlement Agreement was achieved in an adversarial context, reflects a reasonable compromise over issues that are actually in dispute, is fair, and that Plaintiff was represented by attorneys who

can protect her rights. *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 127–28 (D. Colo. 2016) (listing four factors a district court should consider in evaluating a FLSA settlement agreement) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)). Given the procedural posture of this case, and upon consideration of the *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002), factors, the Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. *See In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004).

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Unopposed Motion for Preliminary Settlement Approval (Doc. # 171) is GRANTED;

2. **Provisional Certification of the Settlement Class**: Solely for purposes of the Settlement, the Court conditionally certifies the following hybrid collective/class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) ("Settlement Class"):

   All current and former Delivery Drivers employed by Mountainside Pizza, Inc. from April 1, 2016 through May 5, 2021, who do not exclude themselves.

3. Subject to final approval of the Settlement, and for the reasons set forth in Plaintiff's Memorandum (Doc. # 171), the Court finds and concludes, for settlement purposes only, that the prerequisites of a class action, set forth in Rules 23(a) and (b), are satisfied in that:

   (a) the Settlement Class is so numerous that joinder of all members is

impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiff and Class Counsel fairly and adequately represent the Settlement
Class;

(d)      Plaintiff's claims are typical of those of the Settlement Class Members;

(e)      common issues predominate over any individual issues affecting the
members of the Settlement Class;

(f)      Plaintiff fairly and adequately protects and represents the interests of all
members of the Settlement Class, and Plaintiff's interests are aligned with
the interests of all other members of the Settlement Class; and

(g)      settlement of the instant case on a class action basis is superior to other
means of resolving this matter.

4.  **Provisional Approval of Attorneys' Fee Award and Service Awards**: the
Court provisionally approves the stipulated attorneys' fee award for Class
Counsel of 33.33% of the common fund, as well as service awards of $10,000 for
Plaintiff Amanda Kennedy and $2,000 for Ginger Dally, subject to any objections
from Settlement Class Members prior to final approval.

5.  **Approval of Settlement Notice**: Plaintiff has presented to the Court a proposed
Settlement Notice (Doc. # 171-2). The Court finds that the dissemination of the
Settlement Notice substantially in the manner and form set forth in the Settlement
Agreement (Doc. # 171-1 at 12) complies fully with the requirements of Rule
23(c)(2)(B) and due process of law; is the best notice practicable under the

circumstances; and is reasonably calculated to apprise Settlement Class

Members of the pendency of the action; the terms of the proposed Settlement,

including that only those employees who file a claim form will participate in the

Settlement; and their rights under the proposed Settlement, including but not

limited to their rights to object to the proposed Settlement and to enter an

appearance through counsel. When completed, the Settlement Notice shall

constitute due and sufficient notice of the proposed Settlement Agreement and

the Final Approval Hearing to all persons affected by and/or entitled to participate

in the Settlement Agreement. Non-material modifications to the Settlement

Notice may be made without further order of the Court.

6. **Approval of Timeline**: The Court approves Plaintiff's proposed timeline for

notice and claims administration:

| Time | Event |
|------|-------|
| Within 14 days of preliminary approval | Defendants provide Class Counsel and the Administrator with the final list of class members, their contact information, and relevant wage and reimbursement data. |
| Within 14 days of receiving the class list | The Administrator will send the Settlement Notice. |
| Within 60 days of mailing notices | Class Members must opt-out or object, if they desire to. |
| Within 30 days of the notice period deadline | Plaintiff will draft and file a motion for final approval. |
| Within 40 days of the Court's final approval Order | The Claims Administrator will distribute payments to Class Members and Class Counsel |

7. **Final Fairness Hearing**: A half-day Final Fairness Hearing is hereby set for

**December 2, 2021, at 2:00 p.m.,** before the Honorable Christine M. Arguello in

Courtroom A602 of the Alfred A. Arraj Courthouse in Denver, Colorado, to

determine, *inter alia*: (i) the fairness, reasonableness, and adequacy of the proposed Settlement; (ii) whether the Settlement should be granted final approval by the Court; and (iii) dismissal with prejudice of this action. Class Counsel's application for an award of attorneys' fees and costs and request for the Court to award service awards to Amanda Kennedy and Ginger Dally shall also be heard at the time of the hearing.

DATED: July 12, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge